IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF OMNI NATIONAL BANK | CIVIL ACTION NO. 1:12-cv-00896-RLV |
|    Plaintiff, | |
| v. | |
| STEPHEN M. KLEIN, IRWIN M. BERMAN, BENJAMIN J. COHEN, JULES N. GREENBLATT, KARIM W. LAWRENCE, EUGENE F. LAWSON, III, JEFFREY L. LEVINE, SHANNON C. LIVENGOOD, GREGORY W. PATTEN, AND CONSTANCE E. PERRINE | JURY TRIAL DEMANDED |
|    Defendants | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiff, Federal Deposit Insurance Corporation ("FDIC"), as Receiver of

Omni National Bank ("Omni" or the "Bank"), and Defendants, Stephen M. Klein

("Klein"), Irwin M. Berman ("Berman"), Benjamin J. Cohen ("Cohen), Jules N.

Greenblatt ("Greenblatt"), Eugene F. Lawson, III ("Lawson"), Jeffery L. Levine

("Levine"), Shannon C. Livengood ("Livengood"), Gregory W. Patten ("Patten"),

and Constance E. Perrine ("Perrine")(collectively, "Defendants"), by and through their respective counsel and pursuant to Local Rule 16.2 of the U.S. District Court for the Northern District of Georgia, jointly submit this Joint Preliminary Report and Discovery Plan.[1]

## 1.    Description of Case:

(a)    <u>Describe briefly the nature of this action.</u>

FDIC, as Receiver of Omni ("FDIC-R"), commenced this action against ten former officers of the Bank on March 16, 2012.  FDIC-R alleges that seven of the Defendants, as former officers of the Bank, were negligent and grossly negligent in approving over 200 unsafe and unsound loans on low-income residential properties within the Bank's Community Development Lending Division ("CDLD"), causing losses exceeding $24.5 million.  FDIC-R also asserts claims of negligence and gross negligence against Klein, the Bank's former Chief Executive Officer ("CEO"), and Berman, its former President, for failing to supervise Defendant Levine, the former Chief Redevelopment Lending Officer, and the CDLD lending function.

FDIC-R further asserts claims of negligence, gross negligence, and corporate waste against Defendants Klein, Perrine, Cohen, and Lawrence for conduct

---

[1]    Defendant  Karim W. Lawrence has not yet appeared and thus is not included in this Preliminary Report and Discovery Plan.

resulting in $12.6 million in expenditures on distressed other real estate owned ("OREO") properties after September 15, 2008, notwithstanding the Bank's critically deficient capital and lack of liquidity.

Defendants contend that the FDIC-R's allegations fail to state a claim and that Defendants are not liable for the damages alleged by the FDIC-R.  Defendants further deny that they breached any duties and will file dispositive motions and/or have asserted affirmative defenses based on causation; the implications of the conduct of the FDIC, the FDIC-R, and the Office of the Controller of the Currency ("OCC"); and the FDIC-R's failure to mitigate damages, failure to allege actionable conduct under the Financial Institutions Reform, Recovery and Enforcement Act, failure to allege conduct sufficient to overcome the protection afforded by the business judgment rule, reliance on allegations of wrongdoing by various defendants when they were not employed by the Bank and/or were otherwise not involved in the alleged negligence leading up to the approval of the relevant loans, and/or failure to plead in accordance with the *Twombly* and *Iqbal* pleading standards.

(b)     Summarize the facts of this case.

Plaintiff :

On March 27, 2009, the Office of the Controller of the Currency ("OCC") closed the Bank and appointed FDIC-R as its receiver.  Seven former officers, Defendants Levine, Cohen, Greenblatt, Lawrence, Lawson, Livengood, and Patten (collectively, the "CDLD Defendants"), approved over 200 CDLD loans despite numerous and obvious violations of the Bank's loan policies and procedures, banking regulations and prudent and sound lending practices.  Defendants acted without being reasonably informed and abused their discretion, such that they may not rely upon the business judgment defense.  FDIC-R contends that those negligent and grossly negligent acts caused damages exceeding $24.5 million.

Former CEO Klein and former President Berman were negligent and grossly negligent in failing to supervise the CDLD lending function despite knowledge of obvious "red flags" of problems in the CDLD.  These red flags included serious violations of loan policy by Levine and receipt of quarterly asset quality summaries and past due reports showing an over eight-fold increase in non-performing loans and an almost five-fold increase in criticized loans, indicating the failure to properly book or value foreclosed properties, repeated financing of sales

of foreclosed OREO, and failure to recognize mounting losses in the redevelopment loan portfolio.

Defendants Klein, Perrine and Cohen were negligent and grossly negligent in failing to properly oversee OREO expenditures after OCC rated Omni a composite CAMELS 5 on September 15, 2008, denoting the existence of extremely unsafe and unsound conditions, the number and severity of which were beyond management's ability or willingness to correct. After September 15, 2008, the Bank spent in excess of $12.6 million on speculative OREO expenditures without any reasonable prospect of recouping them. Defendants Klein, Perrine and Cohen received regular reports and other information regarding the type and amount of OREO expenditures and either explicitly or tacitly approved the expenditures. The amount spent after September 15, 2008 was almost 38% of the Bank's remaining Tier 1 capital.

FDIC-R further contends that Defendants Klein, Cohen, Perrine, and Lawrence were negligent, grossly negligent, and engaged in corporate waste by authorizing and directing the $12.6 million in expenditures on distressed OREO properties after September 15, 2008. These expenditures served no sound corporate purpose. No reasonable person would have authorized the expenditures in view of the Bank's impending collapse and the substantial certainty that they

would not be recouped.  Defendants acted without being reasonably informed and abused their discretion, such that they may not rely upon the business judgment defense.

Proper loan underwriting and prudent OREO administration would have protected Omni from economic and market downturns, which were reasonably foreseeable to Defendants at the time of their acts and omissions.  Hence, economic and market declines do not supercede Defendants' liability for their negligent and grossly negligent conduct.   Further, federal regulators owed no pre-receivership duties to Defendants, and FDIC-R, as Receiver of Omni, owes no duty to them.   Hence, Defendants cannot interpose the pre-receivership conduct of federal regulators or FDIC-R's post-receivership administration of Omni's assets as defenses to FDIC-R's claims.

<u>Defendants:</u>

Omni was founded in January 2000 and regulated by the OCC until March 27, 2009, when the FDIC-R was appointed Receiver.  On March 26, 2012, the FDIC-R, as receiver for Omni, sued Defendants to recover losses allegedly caused by Defendants' negligence and gross negligence.

The record will show, however, that Plaintiff's claims attempt to impose personal liability upon these Defendants for alleged damages resulting from

intervening events that were historic, global, unforeseen, and unforeseeable by countless reasonable persons, including government agencies and regulators charged with monitoring and regulating financial institutions. Such agencies did not take preventative steps to avert the disastrous decline in real estate values nationally, the near-collapse of global credit markets, and the epidemic failures of the financial institutions they were responsible for regulating, all of which caused or contributed to the alleged damages sought in this action.

For example, the OCC's own regulators believed and reported that the Bank's loan portfolio was sound prior to the onset of the country's economic crisis. The OCC's examination reports and the Bank's loan files, board meeting minutes, and minutes of meetings between the Defendants and OCC representatives will show that the OCC approved the business plan followed by the Defendants and, through its annual examination process, tacitly approved the business judgment of the Defendants and the Bank's lending practices.

Moreover, Plaintiff, through its negligent and grossly negligent acts and omissions in its receivership capacity, intervened to cause substantial damage and waste to the assets and capital of the Bank. Among other negligent and grossly negligent acts, Plaintiff actively prevented the repair, stabilization and rental of homes foreclosed by Omni and sold those properties under "bulk sale" conditions

to non-resident investors for a fraction of their fair market value.  Illustrative of the Plaintiff's waste and gross negligence in preserving the value of Omni's assets, Plaintiff, according to its own published information, sold three hundred and eighty three (383) residential properties in Georgia via bulk sales conducted on December 2 and 4, 2009, to non-resident investors for a total price of approximately $7 million, equating to a mean average of $18,400 and a median price of $11,268 per home.  Such bulk sales of residential properties to non-resident investors for far less than the fair market value was typical of and consistent with Plaintiff's pattern and practice of "dumping" properties and committing waste of bank assets. Plaintiff's actions created economic blight and further depressed the value of homes in neighborhoods in which the Bank had outstanding mortgage loans at the same time that the U.S. Department of Housing and Urban Development was implementing the Neighborhood Stabilization Program ("NSP") to provide funds to states and local governments to purchase and redevelop abandoned or foreclosed properties in areas with the greatest need based on the extent of foreclosures, subprime mortgages, and mortgage delinquencies and defaults.  Plaintiff's actions directly undermined neighborhood stabilization efforts and adversely affected residential real estate values. These Defendants cannot be held liable for damages caused by Plaintiff's intervening and unforeseeable negligent and grossly negligent

acts.

In addition, Plaintiff's complaint fails to state a claim because (i) Plaintiff's complaint fails to allege actionable conduct under the Financial Institutions Reform, Recovery and Enforcement Act; (ii) Plaintiff's complaint fails to allege conduct sufficient to overcome the protection afforded by the business judgment rule; (iii) Plaintiff's complaint is based on allegations of wrongdoing by various defendants when they were not employed by the Bank and/or were otherwise not involved in the alleged negligence leading up to the approval of the relevant loans, and/or (iv) Plaintiff's complaint fails to meet the *Twombly* and *Iqbal* pleading standards.

Moreover, in this action, the FDIC is obligated to plead and prove the <u>personal</u> liability of each named Defendant in accordance with the appropriate standard under governing Georgia law and FIRREA. The FDIC's allegations and claims improperly lump groups of Defendants together and wrongly assumes in conclusory fashion that all members of such groups are jointly and fully responsible for the various categories of alleged wrongdoing and the alleged damages flowing therefrom. Theories of "group pleading" are patently insufficient, and any attempt by the FDIC to prove its case against the individual Defendants on such a basis is invalid and insufficient as a matter of law.

1145742-1

The FDIC's claim also fails to mention or take into account the wrongdoing of numerous unnamed entities and individuals who should bear the largest proportion, if not the entirety, of any liability that may exist for the FDIC's alleged damages.

(c)     <u>The legal issues to be tried are as follows:</u>

<u>Plaintiff:</u>

(1)     Whether the CDLD Defendants failed to exercise the degree of diligence, care, and skill which ordinarily prudent persons in like positions would exercise under similar circumstances in the management, supervision and conduct of the Bank's business and financial affairs in the approval of CDLD loans;

(2)     Whether Defendants Klein and Berman failed to exercise the degree of diligence, care, and skill which ordinarily prudent persons in like positions would exercise under similar circumstances in the supervision of Levine and the CDLD lending function;

(3)     Whether Defendants Klein, Perrine and Cohen failed to exercise the degree of diligence, care, and skill which ordinarily prudent persons in like positions would exercise under similar circumstances in the management, supervision and conduct of the Bank's OREO expenditures after September 15, 2008;

(4)     Whether Defendants Klein, Perrine, Cohen, and Lawrence failed to exercise the degree of diligence, care, and skill which ordinarily prudent persons in like positions would exercise under similar circumstances and engaged in corporate waste in authorizing and directing OREO expenditures after September 15, 2008;

1145742-1

(5)   Whether Defendants' actions and inactions constitute gross negligence under Georgia law in violation of The Financial Institutions Reform, Recovery and Enforcement Act, making Defendants personally liable for any loss or damage to the Bank;

(6)   Whether Defendants pursued a common plan or design and therefore are jointly and severally liable for all damages caused by their acts and omissions;

(7)   Whether Defendants' actions and/or inactions were the proximate cause of the damages claimed by FDIC-R;

(8)   Whether, because Defendants acted without being reasonably informed and abused their discretion, they may not rely upon the business judgment defense;

(9)   Whether economic and market downturns were reasonably foreseeable to Defendants and thus do not supercede their liability for their negligent and grossly negligent conduct;

(10)   Whether, because federal regulators owed no pre-receivership duties to Defendants, and FDIC-R, as Receiver of Omni, owes no duty to them, Defendants cannot interpose such issues as defenses to FDIC-R's claims, including without limitation, duty to mitigate.

<u>Defendants:</u>

In addition to the legal issues identified by the FDIC-R, Defendants identify the following legal issues to be tried:

(1)   Whether the FDIC-R can overcome the protections afforded Defendants by the business judgment rule.

(2)     Whether Defendants reasonably relied on the actions and/or inactions of the FDIC-C, OCC, and others, in taking or failing to take the action(s) that form the basis of the FDIC-R's claims.

(3)     Whether each of the Defendants, in discharging his or her respective duties, was entitled to rely, and did in fact rely upon information, reports, or statements, including financial statements and other financial data, prepared or presented by:  (i) one or more officers or employees of Omni National Bank whom the Defendant reasonably believed to be reliable and competent in the matters presented; (ii) counsel, public accountants, or other persons as to matters which the Defendant reasonably believes to be within such person's professional or expert competence; or (iii) a committee of the board of directors of Omni National Bank, upon which the Defendant does not serve, as to matters within that committee's designated authority, which committee the Defendant reasonably believes to merit confidence.

(4)     Whether the FDIC-R's claims are barred in whole or in part by the acts, omissions, representations, and conduct of the OCC, the FDIC-C, and the FDIC-R.

(5)     Whether the FDIC-R, FDIC-C, or the OCC authorized, consented to, and/or ratified the conduct that the FDIC-R now alleges was wrongful.

(6)     Whether the FDIC-R's claims are barred by the doctrine of estoppel.

(7)     Whether the conduct which Plaintiff alleges was wrongful was within each Defendant's scope of authority and in conformity with the business custom and usage of other similar institutions.

(8)     Whether each of the Defendants acted in good faith.

(9)     Whether Omni National Bank's governing documents, or other applicable documents, exculpate Defendants for the FDIC-R's claims.

(10)    The amount, if any, of loss incurred by the FDIC-R.

(11)    Whether and to what extent the FDIC-R's actions and/or inactions were the proximate cause of the damages claimed by it.

(12)    Whether and to what extent the actions of anyone other than Defendants, including, but not limited to, the FDIC-C and OCC, the directors of Omni National Bank not named in this action, and outside professionals, advisers, and bank officers and employees not named in this action, were the proximate cause of the damages claims by the FDIC-R.

(13)    Whether the FDIC-R took all necessary and reasonable steps to mitigate the damages claimed by it.

(14)    Whether the actions of the FDIC-R and/or others prevented Defendants from mitigating the damages claimed by the FDIC-R.

(15)    Assuming arguendo that liability for Plaintiff's alleged damages is determined (Defendants denying they are liable to the FDIC-R in any amount), the percentage of fault of the Plaintiff and the amount by which damages otherwise awarded to the Plaintiff (if any) should be reduced in proportion to its percentage of fault.

(16)    Assuming arguendo that liability for Plaintiff's alleged damages is determined (Defendants denying they are liable to the FDIC-R in any amount), after a reduction of damages for the percentage of Plaintiff's fault, the amount of damages to be awarded among all of the persons and entities (both those named as Defendants and those not named as Defendants)

according to the percentage fault of each such person and entity.

Moreover, Defendant Levine submits the following additional issues to be tried in connection with the FDIC'R's claims against him:

(1)     Whether the FDIC-R's claims against Levine are barred by Paragraph 16 of the December 20, 2007 Retirement Agreement and General Release entered into by Levine, Omni National Bank, and Omni Financial Services, Inc. ("OFSI"), under which the Bank and OFSI agreed that they would not, after December 31, 2009, "initiate or cause to be initiated any legal proceedings against [Levine] based upon or arising from [Levine's] acts and/or omissions and/or alleged acts and/or omissions while [Levine] was employed by the Bank and/or [OFSI] or serving as an officer and/or director of the Bank and/or [OFSI]."

(2)     Whether the FDIC-R's claims against Levine are barred by the doctrines of waiver, settlement, and release.

(3)     Whether any or all of the damages claimed by the FDIC-R are barred by the doctrine of double-recovery.

(d)     The cases listed below (include both style and action number) are:

(1)     Pending Related Cases:

i.     *Progressive Cas. Ins. Co. v. FDIC, et al.*, No. 1:12-cv-01103-RLV, Northern District of Georgia (seeking declaratory judgment on whether the director and officer ("D&O") liability policy issued by Progressive Casualty Insurance Company ("Progressive") covers FDIC-R's claims asserted in this case and requires Progressive to fund Defendants' defense costs and to indemnify Defendants for any judgment obtained by FDIC-R);

       ii.    *Certain Underwriters at Lloyd's, London v. FDIC, et al.*, No. 1:12-cv-01740-JEC, Northern District of Georgia (seeking declaratory judgment on whether the D&O liability policy issued by Certain Underwriters at Lloyd's ("Lloyd's") covers FDIC-R's claims asserted in this case and requires Lloyd's to fund a portion of the Defendants' defense costs and to indemnify certain Defendants for any judgment obtained by FDIC-R );

       iii.    *Klein v. Alwen Hough Johnson Ltd.*, No. 1:12-cv-01877-RLV, Northern District of Georgia (seeking declaratory judgment and related relief under the Lloyd's D&O policy).

(2)    <u>Previously Adjudicated Related Cases:</u>

       i.    *United States v. Levine*, No. 1:09-cr-00554, Northern District of Georgia;

       ii.    *United States v. Lawrence*, No. 1:10-cr-00476, Northern District of Georgia;

       iii.    *United States v. McBride*, No. 1:09-cr-00205, Northern District of Georgia;

       iv.    *United States v. Davy*, No. 1:09-cr-00543, Northern District of Georgia;

       v.    *United States v. Merrill*¸ No. 1:09-cr-00547, Northern District of Georgia;

       vi.    *United States v. Loving*, No. 1:10-cr-00236, Northern District of Georgia.

**2.    This case is complex because it possesses one or more of the features listed below (please check):**

  <u> x </u>   (1)    Unusually large number of parties
  <u>   </u>   (2)    Unusually large number of claims or defenses
  <u>   </u>   (3)    Factual issues are exceptionally complex

  x    (4)    Greater than normal volume of evidence
  x    (5)    Extended discovery period is needed
      (6)    Problems locating or preserving evidence
      (7)    Pending parallel investigations or action by government
  x    (8)    Multiple use of experts
      (9)    Need for discovery outside United States boundaries
  x    (10)  Existence of highly technical issues and proof
      (11)  Unusually complex discovery of electronically stored information

FDIC-R also contends that the case involves an unusually large number of claims or defenses, exceptionally complex factual issues, and unusually complex discovery of electronically stored information.

**Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

<u>**Plaintiff:**</u>

**James A. Brown (lead counsel)**
George Denegre, Jr.
Erin L. Delatte
Admitted *pro hac vice*
LISKOW & LEWIS, PLC
701 Poydras Street
Suite 5000
New Orleans, LA  70139
(504) 581-7979
(504) 556-4108 (fax)
jabrown@liskow.com
gdenegre@liskow.com
eldelatte@liskow.com

-16-

Jeanne Simkins Hollis
Georgia Bar No. 646890
S. Paul Smith
Georgia Bar No. 663577
SIMKINS HOLLIS LAW GROUP, P.C.
1924 Lenox Road, NE
Atlanta, GA 30306
(404) 474-2328
(770) 587-0726 (fax)
jhollis@shlglaw.com
psmith@shlglaw.com

**Attorneys for FDIC, as Receiver of Omni National Bank**

<u>**Defendants:**</u>

**Theodore J. Sawicki (lead counsel)**
Georgia Bar No. #627851
*tod.sawicki@alston.com*
Robert R. Long
Georgia Bar No.141546
*robert.long@alston.com*
Elizabeth Gingold Greenman
Georgia Bar No.917979
*elizabeth.greenman@alston.com*
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone:  404-881-7000
Facsimile:  404-881-7777
*Counsel for Defendants Stephen M. Klein and Eugene F. Lawson, III*

**David L. Balser (lead counsel)**
Georgia Bar No.035835
*dbalser@kslaw.com*
Tracy Klingler
Georgia Bar No.105450
*tklingler@kslaw.com*

-17-

Zachary Andrew McEntyre
Georgia Bar No.653571
*zmcentyre@kslaw.com*
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, GA 30309
Telephone:  404-572-4600
Facsimile:  404-572-5138
***Counsel for Defendant Irwin W. Berman***

**Jeffrey D. Horst (lead counsel)**
Georgia Bar No.367834
*horst@khlawfirm.com*
Christopher E. Adams
Georgia Bar No.789600
*adams@khlawfirm.com*
KREVOLIN & HORST, LLC
1201 W. Peachtree St., NW
Suite 3250, One Atlantic Center
Atlanta, GA 30309
Telephone:  404-888-9700
Facsimile:  404-888-9755
***Counsel for Defendant Jules N. Greenblatt***

**Thomas B. Bosch (lead counsel)**
Georgia Bar No.068740
*tom.bosch@troutmansanders.com*
Natalie D. Sacha
Georgia Bar No.558276
*Natalie.sacha@troutmansanders.com*
TROUTMAN SANDERS LLP
Suite 5200, Bank of America Plaza
600 Peachtree Street, NE
Atlanta, GA 30308-2216
Telephone:  404-885-3312
Facsimile:  404-962-6796
***Counsel for Defendant Jeffrey L. Levine***

**Scott B. Riddle (lead counsel)**
Georgia Bar No.604855
*sbriddle@mindspring.com*
LAW OFFICES OF SCOTT B. RIDDLE
Suite 1530
3340 Peachtree Road NE
Atlanta, GA 30326
Telephone:  404-815-0164
***Counsel for Defendant Shannon C. Livengood***

**Richard A. Rice, Jr. (lead counsel)**
Georgia Bar No.603203
*rrice@bomarrice.com*
Frank G. Podesta
Georgia Bar No.496530
*fpodesta@bomarrice.com*
BOMAR RICE, LLC
100 Galleria Pkwy, SE
Suite 100
Atlanta GA 30339
Telephone:  404-835-0783
Facsimile:  404-842-9750
***Counsel for Defendant Gregory W. Patten***

**Joseph C. Chancey (lead counsel)**
Georgia Bar No.120520
*jchancey@deflaw.com*
Gary D. Beelen
Georgia Bar No.046230
*gbeelen@deflaw.com*
Meredith Riggs Guerrero
Georgia Bar No.214274
*mguerrero@deflaw.com*
DREW ECKL & FARNHAM, LLP
Post Office Box 7600
Atlanta, GA 30357-0600
Telephone: 404-885-1400
Facsimile:  404-876-0992
*Counsel for Defendants Benjamin J. Cohen and Constance E. Perrine*

### 3.    Jurisdiction:

Is there any question regarding this Court's jurisdiction?

___ Yes      _X_ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection.   When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.   Each objection should be supported by authority.

### 4.    Parties to This Action:

(a)    The following persons are necessary parties who have not been joined:

None.[2]

---

[2]        Karim W. Lawrence is a named defendant who not yet appeared.  He declined to waive summons. Summons was issued against Lawrence and delivered to the Lee County Sheriff's Office ("Sheriff's Office"), whose deputies effect service on inmates housed at USP Lee – Camp, where Lawrence is currently incarcerated.  On May 25, 2012, the Sheriff's Office informed FDIC-R's counsel that it was effecting service on Lawrence that day.  On

(b)     The following persons are improperly joined as parties:

None.

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d)     The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**5.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15.   Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings that the parties anticipate will be necessary:

FDIC-R may amend the Complaint.  Defendants may amend their Answer to

the Complaint.

(b)     Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

---

June 6, 2012 and June 12, 2012, the Sheriff's Office confirmed that it had served Lawrence, but FDIC-R has not yet received  the return of service from the Sheriff's Office.  FDIC-R will file the return of service with the court upon receipt from the Sheriff's Office.  FDIC-R has moved  the Court for an extension of time to confirm service upon Lawrence.

The parties reserve their rights to amend pleadings pursuant to Fed. R. Civ. P. 15(a)(2).

### 6.   Filing Times For Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)  *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)  *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)  *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)  *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

### 7.   Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

There are no objections to Initial Disclosures. The Court has granted the parties' request for an extension of time through and including July 13, 2012 to serve their respective Initial Disclosures.

1145742-1

**8.      Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

Plaintiff:

FDIC-R requests a scheduling conference to resolve various issues raised herein by the parties including: 1) the number of depositions to be taken by each side; 2) the length of those depositions; 3) whether Defendants should propound joint discovery requests on common issues and which are not duplicative of previously processed ESI search terms; and 4) the scope of ESI.   FDIC-R's positions on these issues are set forth in Sections 10 and 11 below.

As addressed below, FDIC-R maintains that limitations on traditional document discovery are needed to prevent duplicative and repetitive discovery requests from multiple Defendants which would impose undue burden and expense upon FDIC-R.  Further, as set forth below, FDIC-R's proposed ESI protocol would allocate to Defendants less than half of the total cost of processing and production of ESI and therefore is fair and reasonable.

Defendants:

Defendants request a scheduling conference to address the various modifications to the Federal Rules of Civil Procedure and the Local Rules of this Court proposed by Plaintiff.  As addressed below, Defendants maintain that, with

-23-

limited exceptions, the Federal Rules and the Local Rules should govern discovery in this action.  Defendants also seek a scheduling conference to address Plaintiff's proposed protocol for the review and production of electronically stored information ("ESI"), which seeks to impose upon Defendants many obligations and expenses that otherwise would be Plaintiff's responsibility.

### 9.    Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

The parties anticipate conducting discovery regarding the issues raised in Section 1(a) through (c) above and the facts surrounding the matters detailed in the FDIC-R's March 16, 2012 Complaint.  All parties reserve all of their respective objections to discovery and their respective rights to pursue discovery on additional subjects that may be identified as the case proceeds, and/or in the event the claims and defenses are amended or supplemented.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery

-24-

should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The parties submit that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery for the following reasons: (1) this case involves an unusually large number of parties; (2) this case involves an unusually large number of claims and defenses; (3) the factual issues are exceptionally complex; (4) a substantially greater than normal volume of evidence is expected, including a large volume of documents and a large number of witnesses with knowledge of the underlying facts at issue; and (5) the parties will likely call multiple experts.   The parties therefore propose a twelve-month discovery period, wherein fact discovery will begin on July 13, 2012 and end on April 15, 2013, and expert discovery will begin on April 16, 2013 and end on July 12, 2013.

Plaintiff further submits that pre-trial consolidation of the related Progressive and Lloyd's declaratory judgment actions with the instant case, as proposed by Plaintiff in Section 12 below, also would necessitate an extended discovery period.

### 10.   Discovery Limitation and Discovery of Electronically Stored Information:

(a)     <u>What changes should be made in the limitations on discovery imposed</u> <u>under the Federal Rules of Civil Procedure or Local Rules of this Court, and what</u> <u>other limitations should be imposed?</u>

<u>Plaintiff:</u>

FDIC-R proposes changes to the following discovery limitations: (1) the number of depositions allowed; (2) the length of depositions; (3) the length of the discovery period and the discovery commencement date.  FDIC-R further proposes that Defendants submit joint discovery requests on common issues.

FDIC-R anticipates that due to the factors set forth in Section 10 above, it will need to take more than the ten depositions allowed under Fed. R. Civ. P. 30(a)(2)(A)(i).  FDIC-R proposes that the Court allow it to depose as many as twenty witnesses and allow the Defendants, collectively, to depose an additional twenty witnesses if necessary.  FDIC-R also proposes that, in order to fairly examine the deponents, all parties collectively be given up to ten hours for each deposition, as opposed to the seven hours allowed under Fed. R. Civ. P. 30(d)(1). As discussed in Section 10, FDIC-R proposes a twelve-month discovery period, beginning on July 13, 2012 and ending on July 12, 2013.

FDIC-R further proposes that Defendants submit a joint master set of interrogatories and requests for admission on common issues, as opposed to multiple duplicative and overlapping requests from each Defendant. This measure

would promote efficiency and avoid substantial and needless duplication of work, time, expense, and attendant delay.   Interrogatories and requests for admissions from each individual Defendant would be limited to individual issues, would not duplicate the joint requests and be limited to 15 in number including subparts. Document requests would be handled by the ESI protocol attached as Exhibit 1. Individual Defendants would not be permitted to make requests for "word searches" absent good cause shown.  Separate document requests by Defendants or any individual defendant would not be permitted absent good cause.

FDIC-R submits that these limitations on written discovery requests are needed to prevent unnecessary duplication and repetition of discovery requests on common issues and unnecessary duplication of ESI discovery, which would impose undue burden and expense on FDIC-R.

Defendants:

Defendants do not agree with all of the FDIC-R's proposed modifications to the Federal Rules of Civil Procedure and Local Rules.  Defendants agree that the FDIC-R may depose as many as twenty witnesses; however, Defendants propose that the Court permit Defendants, collectively, to depose an additional thirty fact witnesses, if necessary.  Defendants agree that the parties, collectively, should be

given up to ten hours for each deposition.  The parties have agreed to a 12 month discovery period, as set forth in Section 10.

Defendants agree that they will endeavor to coordinate written discovery requests, including the submission of joint requests on common issues; however, Defendants should be entitled to all written discovery permitted by the Federal Rules of Civil Procedure and the Local Rules of this Court and, therefore, written discovery should not be limited in the manner proposed by Plaintiff.  As addressed below, Defendants also do not agree that discovery of ESI should be governed by Plaintiff's proposed ESI protocol.

(b)      Is any party seeking discovery of electronically stored information:

_X_ Yes      _____ No

If "yes,"

(1)      The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

Plaintiff:

FDIC-R has proposed a Proposed Protocol Regarding Electronically Stored Information ("ESI") to govern the production of ESI, which is attached hereto as Exhibit 1.  FDIC-R proposes that the search term method described in ¶6 of

Exhibit 1 would be the primary method of document production and that additional discovery requests would not duplicate the previously processed search terms.

FDIC-R submits that the proposed ESI protocol is consistent with protocols implemented in similar cases and is needed to ensure an efficient and cost effective procedure for discovery of ESI.  Hence, the protocol should be imposed in lieu of traditional document requests with respect to the databases listed in Exhibit B to the protocol.  Otherwise, the protocol would be ineffective to streamline ESI discovery and would not prevent unnecessary and duplicative document requests. The cost figures quoted in paragraph 6 of the proposed protocol would allocate to Defendants less than one half of the total cost of ESI processing and production and therefore are fair and reasonable.

FDIC-R further represents that post-receivership databases are not Omni specific and therefore it is not feasible to follow the ESI protocol as to such databases.  Further, FDIC-R generally objects to production of post-receivership information on the grounds that it owes no duty to Defendants and therefore such issues are irrelevant and not discoverable.  However, FDIC-R would produce to Defendants through traditional means documents reflecting its sale of OREO properties securing the Loss Loans identified in Exhibit A to its Complaint and the amounts received for the sale of those properties.

-29-

1145742-1

<u>Defendants:</u>

Defendants do not agree to Plaintiff's Proposed Protocol because it seeks to limit Defendants' discovery rights, impose upon Defendants burdens and costs that otherwise would be borne by Plaintiff, and unreasonably limit the scope of ESI from which Plaintiff proposes to make its production.

For example, Section 5 of Plaintiff's proposal limits the scope of ESI to legacy data from Omni National Bank.  As set forth above, however, Plaintiff's conduct is critical to various defenses asserted by Defendants.  Therefore, the ESI from which Plaintiff produces documents and other information should include Plaintiff's post-receivership ESI.

Defendants also do not agree to Section 6 of Plaintiff's proposal. Defendants are amenable to working with Plaintiff to agree to a non-traditional production of certain categories of ESI, including Defendants obtaining access to specified categories of ESI in order to conduct searches; however, any such alternate method of production should not relieve Plaintiff of its burdens and obligations under the Federal Rules and Local Rules.  All categories of ESI for which the parties do not agree to an alternate method of discovery should be produced in the ordinary course of discovery and in response to Defendants'

1145742-1

requests for documents and information.   Moreover, Plaintiff, not Defendants, should bear the expenses of its processing and production of ESI.

Section 7 of Plaintiff's proposal seeks to impose upon Defendants obligations beyond the scope of the Federal Rules and Local Rules.  Defendants propose that they produce ESI and other documents in the ordinary course and in accordance with the Federal Rules and Local Rules.

Defendants do not object to Section 8 of Plaintiff's proposal, but believe that the provisions contained therein should be set forth in an agreed upon protective order.

If Plaintiff agrees to modify its proposal to address the issues raised by Defendants, Defendants believe that a protocol regarding the production of ESI will be beneficial to all parties to this ligation.  Otherwise, Defendants submit that Plaintiff should be required to produce ESI in response to Defendants' discovery requests and consistent with the obligations imposed upon Plaintiff by the Federal Rules and Local Rules.

(2)   The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

FDIC-R has included in Exhibit A to its proposed protocol: (a) the format for the production of ESI; (b) the method of production; and (c) the inclusion of specific metadata fields.

Defendants generally agree with the terms of Exhibit A of Plaintiff's proposal, subject to the following modifications:

(a)   The production of metadata should be limited to circumstances in which the listed fields of metadata are available.

(b)   Spreadsheets always should be produced in native format, with a single page TIFF file in the static image production that cross references the native file.

(c)   Plaintiff should confirm that its list of databases includes all relevant databases, including Plaintiff's databases – *i.e.,* the list should not be limited to legacy databases of Omni National Bank.

(d)   Documents with omitted duplicates should be produced with information regarding every other custodian of the document.

(e)   Production media should be expanded to include other production methods, including production by FTP upload.

## 11.   Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

FDIC-R has proposed to Defendants a Stipulated Protective Order, attached hereto as Exhibit 2, to protect the confidential and sensitive nature of certain documents that will be produced in this matter.   Defendants are considering the

proposed order and believe the parties can reach agreement on the terms of an appropriate protective order in the near future.

The parties also request that a Scheduling Order be entered pursuant to Rule 16(b) after a scheduling conference as requested in Section 9 above to resolve the areas of disagreement between the parties, including 1) the number of depositions; 2) written discovery; and 3) production of ESI.

Plaintiff:

FDIC-R submits that this Court should consolidate the instant case with the following later-filed declaratory judgment suits for pretrial and discovery purposes:

- *Progressive Cas. Ins. Co. v. FDIC*, No. 1:12-cv-01103-RLV (N.D. Ga.);

- *Certain Underwriters at Lloyd's, London v. FDIC*, No. 1:12-cv-01740-JEC (N.D. Ga.); and

- *Klein v. Alwen Hough Johnson Ltd.*, No. 1:12-cv-01877-RLV (N.D. Ga.)

(collectively, the "Declaratory Judgment Actions").

The Declaratory Judgment Actions seek declaratory judgment on whether the D&O liability policies issued by Progressive and Lloyd's cover FDIC-R's claims asserted in this case. The defendants in the Progressive and Lloyd's suits are identical to the parties in the instant case, and Defendant Klein is the plaintiff in the *Klein v. Alwen Hough Johnson Ltd.* action. The Declaratory Judgment

Actions and the instant case raise numerous common issues of fact and law regarding FDIC-R's claims and damages and Defendants' alleged acts and omissions.   Many of the coverage issues raised in the Declaratory Judgment Actions will turn on the resolution of these common issues, and all parties share a common interest in the prompt resolution of liability and coverage issues. Consolidation of these suits for pretrial and discovery purposes would promote judicial economy and avoid duplication, unnecessary expense, and waste of judicial resources where many of the same parties and witnesses would likely be required to provide multiple discovery including ESI at significant cost relating to the same issues.

Defendants:

Some, but not all, of the Defendants oppose the consolidation of this action with the Declaratory Judgment Actions for purposes of discovery.

### 12.    Settlement Potential:

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on June 12, 2012, and that they participated in settlement discussions.   Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature):

/s/James A. Brown
James A. Brown
George Denegre, Jr.

Erin L. Delatte
Admitted *pro hac vice*
LISKOW & LEWIS, PLC
701 Poydras Street
Suite 5000
New Orleans, LA  70139
(504) 581-7979
(504) 556-4108 (fax)
jabrown@liskow.com
gdenegre@liskow.com
eldelatte@liskow.com

Jeanne Simkins Hollis
Georgia Bar No. 646890
S. Paul Smith
Georgia Bar No. 663577
SIMKINS HOLLIS LAW GROUP, P.C.
1924 Lenox Road, NE
Atlanta, GA 30306
(404) 474-2328
(770) 587-0726 (fax)
jhollis@shlglaw.com
psmith@shlglaw.com

**Attorneys for FDIC, as Receiver of Omni National Bank**

Other participants:

For Defendants:

/s/Theodore J. Sawicki
Theodore J. Sawicki
Robert R. Long
Elizabeth Gingold Greenman
ALSTON & BIRD LLP

-35-

1201 West Peachtree Street
Atlanta, GA 30309-3424
*Counsel for Defendants Stephen M. Klein and Eugene F. Lawson, III*


/s/David L. Balser
David L. Balser
Tracy Klingler
Zachary Andrew McEntyre
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, GA 30309
*Counsel for Defendant Irwin W. Berman*


/s/Jeffrey D. Horst
Jeffrey D. Horst
Christopher E. Adams
KREVOLIN & HORST, LLC
1201 W. Peachtree St., NW
Suite 3250, One Atlantic Center
Atlanta, GA 30309
*Counsel for Defendant Jules N. Greenblatt*


/s/Thomas B. Bosch
Thomas B. Bosch
Natalie D. Sacha
TROUTMAN SANDERS LLP
Suite 5200, Bank of America Plaza
600 Peachtree Street, NE
Atlanta, GA 30308-2216
*Counsel for Defendant Jeffrey L. Levine*


/s/Scott B. Riddle
Scott B. Riddle
LAW OFFICES OF SCOTT B. RIDDLE
Suite 1530

3340 Peachtree Road NE
Atlanta, GA 30326
Telephone:  404-815-0164
**Counsel for Defendant Shannon C. Livengood**


/s/Richard A. Rice, Jr.
Richard A. Rice, Jr.
Frank G. Podesta
BOMAR RICE, LLC
100 Galleria Pkwy, SE
Suite 100
Atlanta GA 30339
**Counsel for Defendant Gregory W. Patten**

/s/Joseph C. Chancey
Joseph C. Chancey
Gary D. Beelen
Meredith Riggs Guerrero
DREW ECKL & FARNHAM, LLP
Post Office Box 7600
Atlanta, GA 30357-0600
**Counsel for Defendants Benjamin J. Cohen and Constance E. Perrine**

Other participants:

(b)     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.
(X_____) A possibility of settlement after discovery.
(_____) A possibility of settlement, but a conference with the
            judge is needed.
(_____) No possibility of settlement.

(c)     Counsel (__X__) do or (__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is September 14, 2012.

1145742-1

(d)    The following specific problems have created a hindrance to settlement of this case.

The early stage of the case and the coverage positions asserted by Progressive and Lloyd's in the Declaratory Judgment Actions have hindered progress in settlement discussions.

### 13.    Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)    The parties (_____) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of this court this _____ day of _____, 2012.

(b)    The parties (  X  ) do not consent to having this case tried before a magistrate judge of this Court.

CERTIFICATION PURSUANT TO LOCAL RULES

Pursuant to the Local Rules this certifies that this document was prepared using the New Times Roman font in 14 point.  These font and point selections are approved by L.R.5.1(B)-(C).

This 13th day of July, 2012.

/s/James A. Brown
James A. Brown
George Denegre, Jr.

Erin L. Delatte
Admitted *pro hac vice*
LISKOW & LEWIS, PLC
701 Poydras Street
Suite 5000
New Orleans, LA  70139
(504) 581-7979
(504) 556-4108 (fax)
jabrown@liskow.com
gdenegre@liskow.com
eldelatte@liskow.com

Jeanne Simkins Hollis
Georgia Bar No. 646890
S. Paul Smith
Georgia Bar No. 663577
SIMKINS HOLLIS LAW GROUP, P.C.
1924 Lenox Road, NE
Atlanta, GA 30306
(404) 474-2328
(770) 587-0726 (fax)
jhollis@shlglaw.com
psmith@shlglaw.com

**Counsel for Plaintiff Federal
Deposit Insurance
Corporation, as Receiver of
Omni National Bank**

Counsel for Defendants:

/s/Theodore J. Sawicki
Theodore J. Sawicki
Robert R. Long
Elizabeth Gingold Greenman
ALSTON & BIRD LLP

-39-

1145742-1

1201 West Peachtree Street
Atlanta, GA 30309-3424
**Counsel for Defendants Stephen M. Klein and Eugene F. Lawson, III**

/s/David L. Balser
David L. Balser
Tracy Klingler
Zachary Andrew McEntyre
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, GA 30309
**Counsel for Defendant Irwin W. Berman**

/s/Jeffrey D. Horst
Jeffrey D. Horst
Christopher E. Adams
KREVOLIN & HORST, LLC
1201 W. Peachtree St., NW
Suite 3250, One Atlantic Center
Atlanta, GA 30309
**Counsel for Defendant Jules N. Greenblatt**

/s/Thomas B. Bosch
Thomas B. Bosch
Natalie D. Sacha
TROUTMAN SANDERS LLP
Suite 5200, Bank of America Plaza
600 Peachtree Street, NE
Atlanta, GA 30308-2216
**Counsel for Defendant Jeffrey L. Levine**

/s/Scott B. Riddle
Scott B. Riddle
LAW OFFICES OF SCOTT B. RIDDLE
Suite 1530
3340 Peachtree Road NE
Atlanta, GA 30326
Telephone:  404-815-0164

1145742-1

***Counsel for Defendant Shannon C. Livengood***


/s/Richard A. Rice, Jr.
Richard A. Rice, Jr.
Frank G. Podesta
BOMAR RICE, LLC
100 Galleria Pkwy, SE
Suite 100
Atlanta GA 30339
***Counsel for Defendant Gregory W. Patten***

/s/Joseph C. Chancey
Joseph C. Chancey
Gary D. Beelen
Meredith Riggs Guerrero
DREW ECKL & FARNHAM, LLP
Post Office Box 7600
Atlanta, GA 30357-0600
***Counsel for Defendants Benjamin J. Cohen and Constance E. Perrine***

1145742-1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 13th, 2012, I electronically filed the foregoing document with the Clerk of the Court using the ECF System which will send notification of such filing to all attorneys of record.


<u>/s/S. Paul Smith</u>

1145742-1